UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeff Seipel and Tom Vevea, as Trustees of the
Minnesota Laborers Health and Welfare Fund
and Minnesota Laborers Pension Fund; James
Brady and Keith Kramer, as Trustees of the
Minnesota Laborers Vacation Fund; Tom
Vevea and Gary Reed, as Trustees of the
Construction Laborers' Education, Training,
and Apprenticeship Fund of Minnesota and
North Dakota; and Ronald Thornburg and
Chris Born, as Trustees of the Minnesota
Laborers Employers Cooperation and
Education Trust; and each of their successors,

      Plaintiffs,

v.

M.J. Ryan Construction Company,

      Defendant.

Civil No. 08-5106 (JNE/JJK)

FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT

Michael P. Eldridge, Esq., McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared on behalf of Plaintiffs.

Defendant M.J. Ryan Construction Company did not appear.

    The case is before the Court on Plaintiffs' Motion for Entry of Default. Based on the files, records, and proceedings herein, the Court makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT**

    1.    The Complaint was filed with the Court on September 4, 2008. The service of the Summons and Complaint was accomplished upon Defendant on September 9, 2008.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the Application for Entry of Default were filed with the Court on October 2, 2008.

4. The Clerk's Entry of Default was entered on October 3, 2008.

5. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C.A. § 1002(37) (West 1999 & Supp. 2008).

6. Defendant is bound to a Collective Bargaining Agreement between the Highway, Railroad, and Heavy Construction Contractors, and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions.

7. The Collective Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' agent on or before the 15th day of the month following the month for which the contribution is being made.

8. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all fringe benefit contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

9. Defendant has failed to submit the fringe fund reports and contributions for the months of October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008.

10. Plaintiffs reasonably believe that Defendant employed individuals during these months. Furthermore, Defendant is obligated to remit the reports, indicating, if appropriate, that no hours were worked by its employees.

## **CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2. Defendant is required to submit to Plaintiffs the October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008 fringe fund reports accurately reporting all hours worked by its employees within the scope of the Collective Bargaining Agreement, and is further required to submit payment to Plaintiffs for the fringe benefit contributions due per the reports for the above listed months.

3. Defendant is obligated to pay to the Funds all liquidated damages based upon the reports submitted, and attorney fees and costs incurred in collecting the delinquency.

## **ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' Motion for Entry of Default [Docket No. 8] is GRANTED.

2. That Defendant file the reports for the months of October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008, if they have not already been submitted, at the offices of Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, correctly identifying all hours its employees worked pursuant to the Collective Bargaining Agreement within ten (10) days of service of this Order upon them.

3. That Defendant pay to Plaintiffs the fringe benefit contributions due for all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of

the delinquent fringe benefit contributions for the months of October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008.

    4.    That upon the filing of the outstanding reports for the months of October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008 by Defendant with Plaintiffs pursuant to this Order, if Defendant fails to make payments required by this Order, Plaintiffs may move the Court for entry of a money judgment against Defendant in the amount of unpaid fringe benefit contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the motion and affidavit on Defendant.

Dated:  December 12, 2008

                                                                                   s/ Joan N. Ericksen
                                                                                    JOAN N. ERICKSEN
                                                                                    United States District Judge