**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Jeff Seipel, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; Tom Vevea, as Trustees of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady, as Trustees of the Minnesota Laborers Vacation Fund; Keith Kramer, as Trustee of the Minnesota Laborers Vacation Fund; Tom Vevea, as Trustees of the Construction Laborers' Education, Training and Apprenticeship Fund of Minnesota and North Dakota; Gary Reed, as Trustee of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; Ronald Thornburg, as Trustee of the Minnesota Laborers Employers Cooperation and Education Trust; and Chris Born, as Trustee of the Minnesota Laborers Employers Cooperation and Education Trust, and each of their successors;<br><br>        Plaintiffs,<br><br>v.<br><br>M.J. Ryan Construction Company,<br><br>        Defendant. | Civ. No. 08-5106 (JNE/JJK)<br><br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before this Court for a Report and Recommendation to the District Court on Plaintiffs' Motion for Entry of Judgment (Doc. No. 24). *See* 28

U.S.C. § 636(b)(1) and D. Minn. Loc. R. 72.1. A hearing on the motion was held on March 29, 2010. Pamela Hodges Nissen of Anderson Helgen Davis & Nissen, LLC, appeared for and on behalf of Plaintiffs. Michael Ryan appeared as former President of Defendant. There was no appearance by an attorney on behalf of Defendant. For the reasons stated below, this Court recommends that Plaintiffs' motion be granted.

## FINDINGS OF FACT

1. The Complaint was filed with the Court on September 4, 2008. The service of the Summons and Complaint was accomplished upon Defendant on September 9, 2008.

2. Defendant failed to file and serve a response or Answer to the Summons and Complaint.

3. The Application for Entry of Default and Affidavit of Pamela H. Nissen in support of the application for Entry of Default were filed with the Court on October 2, 2008.

4. The Clerk's Entry of Default was entered on October 3, 2008.

5. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits, and training to employees doing laborers' work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports

2

must be submitted to Zenith Administrators, 2520 Pilot Knob Road, Suite 325, Mendota Heights, MN 55120, as the administrative agent designated by the Trustees.

6. Defendant M.J. Ryan Construction Company, through its President, Michael J. Ryan, executed an Acceptance of Agreement on May 9, 2005, binding the business to the Collective Bargaining Agreement between the Highway, Railroad, and Heavy Construction Contractors, and the Laborers' District Council of Minnesota and North Dakota and its affiliated Unions.

7. The Collective Bargaining Agreement requires employers to make contributions on behalf of the bargaining unit employee in the amounts set forth and agreed upon therein. The employer is required to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, Vacation, Training/Apprenticeship and LECET as is designated in the wage schedule of the agreement for each hour worked by all employees covered by the agreement to the Funds' designated administrator.

8. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

9. Defendant initially failed to submit the fringe-fund reports and contributions for the months of October 2007, November 2007, December 2007, January 2008, February 2008, March 2008, and April 2008. After the Court

issued an Order for Entry of Default on December 12, 2008, and after Plaintiffs filed a Motion for Order to Show Cause and the Court issued an Order to Show Cause, Defendant provided Plaintiffs with the outstanding fringe-fund-report forms and its employment and payroll records for the period of January 2007 through February 2009, to supplement the fringe-fund reports.

10. Plaintiffs' auditor reviewed the records and prepared an invoice identifying hours worked by Defendant's employees for which contributions were not submitted.

11. Plaintiffs' auditor determined that there were hours worked by Defendant's employees covered by the Collective Bargaining Agreement that had not been reported to the Funds.

12. Specifically, Plaintiffs' auditor determined that the total amount due for fringe benefit contributions for the period of January 2007 through February 2009, was $6,680.70.

13. When calculating the amounts due, the applicable Collective Bargaining Agreement rates were used.

14. Pursuant to the Order for Entry of Default, Plaintiffs are entitled to entry of judgment for fringe-benefit contributions, liquidated damages, and interest through April 2008.

15. The revised amount due for fringe-benefit contributions for the period of January 2007 through April 2008 is $5,462.05. The amount due was

4

reduced by $1,218.65 for fringe-benefit contributions owing subsequent to April 2008.

16. Currently, $5,462.05 remains due and owing the Funds for delinquent contributions for the period of January 2007 through April 2008.

17. The amount due for liquidated damages for the period of January 2007 through April 2008 is $546.21.

18. Currently, $546.21 remains due and owing the Funds for liquidated damages for the period of January 2007 through April 2008.

19. Per the terms of the Funds' collection policy, interest accrues on delinquent fringe-benefit contributions at the actuary assumed rate of return, currently 7.75% plus ½ percent. The interest rate is currently 8.25% per annum. The interest charges that have accrued and that will accrue through February 2010 total $1,092.11.

20. The total amount due for liquidated damages and interest is $1,638.32. The total amount due for double interest is $2,184.22.

21. The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

22. The attorney fees and costs incurred by Plaintiffs in the prosecution of their claims total $5,089.87. These attorney fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of Plaintiffs' claims.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Entry of Judgment.

2. Defendant is bound to the terms of the Collective Bargaining Agreement and is therefore liable to Plaintiffs for all amounts due pursuant to the Collective Bargaining Agreement.

3. Pursuant to ERISA § 502(g)(2), Plaintiffs are entitled to an award of interest on the unpaid fringe-benefit contributions. 29 U.S.C. § 1132(g)(2).

4. Defendant owes the Funds $5,462.05 for fringe-benefit contributions for the audit period of January 2007 through April 2008.

5. In this instance, because a second award of interest is greater than an award of interest plus liquidated damages, Defendant owed the Funds $2,184.22 for double interest for the audit period of January 2007 through April 2008.

6. Defendant owes Plaintiffs $5,089.87 for attorney fees and costs.

## RECOMMENDATION

Based on the submissions, files, and records herein, and the arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Entry of Judgment (Doc. No. 24), be **GRANTED**;

2. That judgment in the amount of $12,736.14 shall be entered against Defendant M.J. Ryan Construction Company in favor of Plaintiffs; and

3. Upon adoption of this Recommendation, the District Court will issue an Order for Entry of Judgment.

Date: March 30, 2010

    *s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 13, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.